UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALEXIS BENNETT,

                Plaintiff,

vs.

TRINITY HEALTH CORPORATION,
ST. PETER'S HEALTH PARTNERS,
SAMARITAN HOSPITAL,
SAMARITAN HOSPITAL OF TROY, NEW YORK,
QUEST HEALTHCARE SOLUTIONS, LLC,
QUEST GROUP, LLC
DR. KEEGAN PAYNE, individually,

                Defendants.

Civil Case No.: 1:23-cv-1614 (AMN/DJS)

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendants, Trinity Health Corporation, St. Peter's Health Partners, Samaritan Hospital and Samaritan Hospital of Troy, New York (collectively, "the Removing Defendants"), hereby give notice of removal of this action, *Bennett v. Trinity Health Corporation et al.*, Index No. ER2023-275469 (the "State Court Action"), from the Supreme Court of the State of New York for the County of Rensselaer. As grounds for removal, the Removing Defendants state as follows:

### THE SUMMONS WITH NOTICE AND TIMELINESS OF REMOVAL

1. Plaintiff filed a Summons with Notice in the State Court Action on November 21, 2023. A true and correct copy of the Summons with Notice, along with the full record of the State Court Action, is attached hereto as Exhibit A. Upon information and belief, no additional process, pleading or order has been filed to date in the State Court Action.

2. This action arises from alleged violations of New York Human Rights Law, New York Executive Law, New York's Adult Survivors' Act, Gender Motivated Violence Protection

Act, Victims of Gender-Motivated Violence Protection Act, and the various common laws of the State of New York.

3. The Removing Defendants were served via the Secretary of State on December 12, 2023.

4. Upon information and belief, defendants, Quest Healthcare Solutions, LLC and Quest Group, LLC, were served via the Secretary of State on December 12, 2023.

5. Upon information and belief, defendant Dr. Keegan Payne accepted service via Stipulation on November 28, 2023.

## GROUNDS FOR REMOVAL

6. Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's action. There is complete diversity between the parties and the amount in controversy exceeds $75,000. Removal is proper under 28 U.S.C. §§ 1441 and 1446.

7. Removal to this District is proper because the Supreme Court of the State of New York, County of Rensselaer, where the underlying state action was filed, is within the Northern District of New York. *See* 28 U.S.C. § 1446(a).

## DIVERSITY OF CITIZENSHIP

8. This action is removable because the requirements of 28 U.S.C. § 1332 for diversity jurisdiction are met. There is complete diversity of citizenship for purposes of federal jurisdiction.

9. For purposes of diversity jurisdiction, "a party's citizenship depends on his domicile." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted)).

10. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state in which its members are citizens. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

11. Although the Summons with Notice does not allege Plaintiff's residency, upon information and belief, Plaintiff is a resident of Louisiana.

12. Defendant Trinity Health Corporation is an Indiana corporation with its principal place of business in Michigan.

13. Defendant St. Peter's Health Partners is a domestic corporation with its principal place of business in New York.

14. Defendant Samaritan Hospital of Troy, New York is a domestic corporation with its principal place of business in New York.

15. Defendant Samaritan Hospital is not a legal entity. It is the d/b/a for defendant Samaritan Hospital of Troy, New York.

16. Upon information and belief, defendant Quest Healthcare Solutions, LLC is a citizen of Georgia and Florida, for its members are either residents of Georgia or Florida.

17. Upon information and belief, defendant Quest Group, LLP is a citizen of Georgia and Florida, for its members are either residents of Georgia or Florida.

18. Upon information and belief, defendant Dr. Keegan Payne is a resident of Maryland.

19. Complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states.

## AMOUNT IN CONTROVERSY

20. Under CPLR 3017, a plaintiff seeking to recover for personal injuries is prohibited from pleading a specific amount of damages in a complaint; however, based upon the nature and severity of the alleged injuries that Plaintiff claims, the amount in controversy in this action exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(A).

21. Here, Plaintiff claims personal injuries under numerous statutes and common law claims. Plaintiff alleges compensatory damages, monetary damages, economic damages, front pay damages, backpay damages and punitive damages. See, Exhibit A. Upon information and belief, such claims easily satisfy the reasonable probability that damages exceed $75,000.

22. In addition, Plaintiff seeks punitive damages, which Courts also consider in determining whether the action satisfies the jurisdictional requirement of $75,000. *See Peoples Club of Nigeria Intl, Inc. v. Peoples Club of Nigeria Intl —New York Branch, Inc.*, 821 F. App'x 32, 35 (2d Cir. 2020) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." (internal quotation marks and citation omitted)); *see also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

23. Based on the foregoing, and taken together, the compensatory and punitive damages sought by Plaintiff exceed the jurisdictional amount of $75,000.

## THE REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

24. As required by 28 U.S.C. § 1446(b), the Removing Defendants desire to remove this action, and all other defendants have consented to such removal. True and correct copies of the non-removing defendants' consents to removal, complete with declarations of residency for purposes of diversity, are annexed hereto as <u>Exhibit B</u>.

25. Removal is timely pursuant to 28 U.S.C. § 1446(b), because this Notice of Removal shall be filed within thirty (30) days of the Removing Defendants' receipt of the Summons with Notice.

26. Venue is proper in this Court because it is the "district and division embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a).

27. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and exhibits, will be promptly served on Plaintiff's counsel.

28. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be promptly filed with the Rensselaer County Clerk.

29. This Notice of Removal is signed pursuant to Federal Rule Civil Procedure 11 as required by 28 U.S.C. § 1446(a).

## THE REMOVING DEFENDANTS DO NOT WAIVE ANY DEFENSES

30. By removing this action from the Supreme Court of the State of New York, Rensselaer County, the Removing Defendants do not waive any defenses available to them.

31. By removing this action from the Supreme Court of the State of New York, Rensselaer County, the Removing Defendants do not admit to any of the allegations in Plaintiff's Summons with Notice.

**WHEREFORE**, the Removing Defendants hereby remove the State Court Action pending in the Supreme Court of the State of New York, Rensselaer County, entitled *Alexis Bennett v. Trinity Health Corporation et al.*, (Index No. EF2023-275469), and respectfully request that the State Court Action proceed in this Court as an action properly removed to it.

Dated:  December 22, 2023

Respectfully submitted,

HODGSON RUSS, LLP

By:   /s/ Glen P. Doherty
Glen P. Doherty, Esq.
Bar Roll No. 501591
*Attorneys for Trinity Health Corporation, St. Peter's Health Partners, Samaritan Hospital and Samaritan Hospital of Troy, New York*
677 Broadway
Albany, New York 12207
Telephone:  518-433-2433
Fax:  518-391-2103
Email:  gdoherty@hodgsonruss.com

TO:   **DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*
Johnmack Cohen, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
Telephone:  212-587-0760
Email:  johnmack@dereksmithlaw.com

## CERTIFICATE OF SERVICE (PLAINTIFF)

I hereby certify that on December 22, 2023, I caused a true and correct copy of the foregoing Notice of Removal to be filed via the Court's CM/ECF system, and that a copy will be served upon Plaintiff's counsel via First Class Mail and by email at the following address:

**DEREK SMITH LAW GROUP, PLLC**
Johnmack Cohen, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
Telephone: 212-587-0760
Email: johnmack@dereksmithlaw.com

/s/ *Glen P. Doherty*
Glen P. Doherty, Esq.

## CERTIFICATE OF SERVICE (ON NON-REMOVING DEFENDANTS)

I hereby certify that on December 22, 2023, I served a copy of the foregoing Notice of Removal on the non-removing defendants' counsel via First Class Mail and by email at the following address:

**GORDON REES SCULLY MANSUKHANI LLC**
*Attorneys for Quest Healthcare Solutions, LLC and Quest Group, LLC*
Misty D. Marris, Esq.
1 Battery Park Plaza, 28th Floor
New York, New York 10004
Email: mmarris@grsm.com

**BELL LAW GROUP, PLLC**
*Attorneys for Dr. Keegan Payne*
Chaya Gour Arie, Esq.
116 Jackson Avenue
Syosset, New York 11791
Email: cg@belllg.com

/s/ Glen P. Doherty
Glen P. Doherty, Esq.